The order below is hereby signed.

Signed: February 18 2025



Elizabeth L. Gunn
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>    BF Chinatown, LLC,<br><br>        Alleged Debtor. | Case No. 24-00097-ELG<br><br>Chapter 7 |

### FURTHER ORDER ON SANCTIONS

On April 26, 2024, the Court entered its *Order Dismissing Case and Imposing Sanctions* (ECF No. 20) (the "Dismissal Order") whereby it dismissed the above-captioned involuntary bankruptcy case as filed in bad faith, found that there was a basis to awards damages against BF Chinatown, LLC (the "Debtor"), Carl Pierre (the petitioning creditor) ("Mr. Pierre") and Raymond Rahbar (owner of the Debtor) ("Mr. Rahbar") to creditor Terrell Place Property, LLC ("Terrell Place") for such bad faith filing, and provided Terrell Place an opportunity to supplement its request for damages. On May 9, 2024, Terrell Place timely filed an affidavit in support of its request for cost, fees, and damages (the "Affidavit").[1] On May 20, 2024, the Court received a response to the Affidavit signed by Mr. Rahbar on his own behalf.[2] The Debtor and Mr. Pierre did not otherwise respond to the Affidavit. On June 5, 2024, Terrell Place filed a reply in support of the Affidavit.[3] Upon a review of the record, the Court finds that oral argument would not assist in

---

[1] ECF No. 22.
[2] ECF No. 26.
[3] ECF No. 28.

its consideration of the request and the matter is ready for adjudication.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has previously found that there is a basis to impose sanctions for the bad faith filing and actions in this case on the Debtor, Mr. Rahbar, and Mr. Pierre. That order is a final order.[4] Terrell Place seeks sanctions in the amount of $22,710.36 which it alleges represents damages proximately caused by the involuntary petition filed and the actions taken by the Debtor, Mr. Rahbar, and Mr. Pierre. In support of the request, Terrell Place submitted the Affidavit and attached time and expense records as exhibits thereto (the "Exhibits").[5]

Upon a review of the Affidavit and the Exhibits, the Court finds that the vast majority of the time incurred is appropriately attributable to the filing of the involuntary petition in this case. However, the Court's inquiry does not end there. The Court must evaluate whether the time expended was reasonable in light of the facts and circumstances of the case, and therefore, an appropriate calculation of sanctions. While the Court acknowledges and appreciates the discretion in reducing the billed time reflected in the Exhibits to account for certain services, the Court nevertheless must conduct its own independent review.

Overall, the Court finds that the hourly rates and staffing of the services rendered was appropriate and reasonable in the circumstances. Further, in general the Court finds that the time expended upon tasks identified in the Exhibits was appropriate. However, the Court notes that in addition to the entries identified and removed, the Court finds that (i) there are certain tasks billed

---

[4] On May 10, 2024, Mr. Rahbar filed his Notice of Appeal (ECF No. 24) of the Dismissal Order. Mr. Rahbar failed to file any brief in the appeal. *See* Minute Order, *In re BF Chinatown, LLC (Rahbar v. Terrell Place Property, LLC)*, Civil Action No. 1:24-cv-01390-JEB (D.D.C. Aug. 29, 2024). Therefore, the District Court dismissed Mr. Rahbar's appeal without prejudice for lack of prosecution. *See id*.

[5] *See* ECF No. 22.

2

at a partner rate that are more appropriately handled by an associate or paralegal (*i.e.*, 4/16/24 – "log on to the Court's CM/ECF system to upload the proposed order" and 4/11/24 – "assemble the exhibits and prepare the motion for e-filing"); and (ii) there are instances where two attorneys billed for internal conferences regarding the case (*i.e.*, 4/15/24 – "Conference with JDS regarding motion to dismiss for abuse [*sic*] filing" by AJS and "telephone conference with AJS regarding . . . the motion to dismiss" by JDS). Based upon the Court's independent review, it appears that a reduction of the requested sanctions to $20,000 (a reduction of $2,270.36, or approximately 10%) fairly accounts for these issues.

Therefore, for the reasons stated herein and on the record at the hearing held April 24, 2024, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that sanctions are imposed against BF Chinatown, LLC, Raymond Rahbar, and Carl Pierre, jointly and severally, in favor of Terrell Place Property, LLC in the amount of $20,000 (twenty thousand dollars) payable to Terrell Place Property, LLC or its assigns, representing the reasonable attorney's fees and other expenses directly resulting from the bad faith filing and actions taken in the above-captioned involuntary chapter 11 petition.

[Signed and dated above.]

Service to: recipients of electronic notice.